85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Darryl ALDRIDGE, Defendant-Appellant.
 No. 95-1841.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1996.
 
 Before: MERRITT, Chief Circuit Judge; ENGEL and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant Aldridge appeals the District Court's denial of his motion to dismiss his indictment. He claims the indictment violated the Speedy Trial Act and the Interstate Agreement on Detainers ("IAD") because his trial did not commence within 180 days of his request for a speedy trial. Because we find that the 180 days did not begin to run until the court and prosecutor had received notice of the defendant's request, and because they did not receive notice until January 13, 1995, we affirm the decision of the District Court.
 
 
 2
 The defendant was indicted on May 11, 1994 for wire fraud in the Eastern District of Michigan. At this time, he was serving a sentence in Connecticut on unrelated charges. On July 6, 1994, a detainer was prepared and filed by the U.S. Marshal for the District of Connecticut with the warden of the correctional institute where the defendant was being held. The warden complied with the request in the detainer that the defendant be advised of his speedy trial rights.
 
 
 3
 The next day, defendant Aldridge made a written request for a speedy trial. This request was forwarded to the U.S. Marshal in the District of Connecticut. The request was received by that office on July 11, 1994. A copy of the detainer was sent to the U.S. Attorney in the Eastern District of Michigan, but a copy of the request for speedy trial was never received by that office.
 
 
 4
 Aldridge was released from custody in the Connecticut prison on February 9, 1995, and turned over to the U.S. Marshal for the District of Connecticut. At that time more than 180 days had elapsed since Aldridge had filed his speedy trial request, and so he moved for dismissal. On February 28, 1995, Judge Zatkoff denied the motion under the Interstate Agreement on Detainers and Fex v. Michigan, 507 U.S. 43 (1993).
 
 
 5
 In Fex v. Michigan, 507 U.S. 43 (1993), the Supreme Court held:
 
 
 6
 ... the 180 day time period in article III(a) of the [Interstate Agreement on Detainers] does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him.
 
 
 7
 Id. at 52.
 
 
 8
 Fex, a prisoner in Indiana, was brought to trial in Michigan 196 days after he gave notice of his request for speedy trial to the Indiana prison authorities, and 177 days after the request was received by the Michigan prosecutor. The pre-trial motion pursuant to Article V(c) of the IAD, which provides for dismissal with prejudice if trial does not commence within the 180 day period, was denied on the ground that the statutory period did not begin to run until the Michigan prosecutor received the request. The petitioner argued that the 180 day time period began to run when his request was made known to the Indiana officials. The Supreme Court held that the time period begins to run when the prosecuting office receives the request.
 
 
 9
 In this case, no one in the prosecutor's or court's offices was aware of the speedy trial request until January 13, 1995, when an Assistant U.S. Attorney was orally notified of it by defense counsel. Neither the prosecuting office nor the court had notice of the defendant's request for a speedy trial, and therefore the 180 day time limit could not begin to run under the Court's reasoning and holding in Fex.
 
 
 10
 The defendant argues that the U.S. Marshal in Connecticut should be held to be the agent of the U.S. Attorney and the District Court for the Eastern District of Michigan, and that since the U.S. Marshal in Connecticut was aware of the request, this imputes knowledge to the officials in the Eastern District of Michigan. This argument is contrary to the plain language of the Interstate Agreement on Detainers and the clear holding in Fex.
 
 
 11
 Accordingly, the judgment of the District Court is AFFIRMED.